UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-20213-Civ-COOKE/TORRES

ALBERTO GARAYOA,

    Plaintiff,

vs.

OSWALD REINA,
ALBERTO DIAZ,
KEENAN JOHNSON,
and MIAMI-DADE,

    Defendants.
_____/

**ORDER ON DEFENDANT MIAMI-DADE COUNTY'S MOTION TO DISMISS**

    Plaintiff Alberto Garayoa ("Garayoa") brings this case against Defendants Oswald Reina ("Officer Reina"), Alberto Diaz ("Officer Diaz"), and Keenan Johnson ("Officer Johnson") (collectively, the "Officers"), individually, and against Miami-Dade County (the "County"). Garayoa alleges that Officers Reina, Diaz, and Johnson, police officers for Miami-Dade County, violently attacked him without any provocation and arrested him based on fabricated charges. Based on these allegations, Garayoa has asserted claims of assault and battery, excessive force, false arrest, and malicious prosecution against Officers Reina, Diaz, and Johnson. Further, in Counts VI and VII of his Complaint, Garayoa has asserted claims of state law battery and false arrest/imprisonment against the County.

    Defendant Miami-Dade County has filed a Motion to Dismiss Plaintiff's Complaint ("Motion") (ECF No. 24). I have reviewed the Motion, the record, and the relevant legal authorities. For the reasons outlined below, the County's Motion to Dismiss is denied.

**I.    BACKGROUND**

    On January 1, 2015, at approximately 1:00 AM, Garayoa heard a knock on the front door of his residence. Compl. ¶ 10. Garayoa answered the door and saw three uniformed officers, Officers Reina, Diaz, and Johnson of the Miami-Dade Police Department. *Id*. The Officers advised Garayoa that they were conducting an investigation into a domestic dispute

that had occurred across the street from his residence. *Id* at ¶ 11. Garayoa stated that he was willing to cooperate with the Officers but that he would only do so through his attorney. *Id.* Garayoa provided the Officers with his attorney's business card. *Id.* The Officers refused to accept it. *Id.* The Officers became frustrated with Garayoa because he would not speak to them without his attorney present. *Id.* Garayoa asked the Officers if he was being detained, and Officer Johnson replied no. *Id.* at ¶ 12. Garayoa then asked the Officers if he was free to go, and they responded that he could leave. *Id.*

As Garayoa attempted to close his front door, Officer Reina reached across the threshold and punched Garayoa in his left eye. *Id.* The Officers then dragged Garayoa out of his house, threw him to the ground, and continued their attack. *Id.* at ¶13. As Garayoa lay face down, the Officers continued punching and kicking him in his head and back. *Id.* Officers Johnson and Diaz then yanked Garayoa's limp body off the ground and placed him into a patrol car. *Id.* At no point during the beating did Garayoa fight back verbally or physically. *Id.*

After the Officers placed Garayoa in a patrol car, Garayoa began to feel excruciating pain throughout his body. *Id.* at ¶ 14. As the pain became increasingly unbearable, he requested medical attention. *Id.* The Officers responded with laughter. *Id.* Shortly thereafter, Garayoa began to throw up and had difficulty breathing. *Id.* A Miami-Dade Police Department Sergeant arrived on the scene, and Garayoa explained to the Sergeant that he could not breathe. *Id.* at ¶ 15. Garayoa requested that he be taken to the hospital. *Id.* The Sergeant did not respond to Garayoa's requests. *Id.* Two fire rescue vehicles arrived on the scene and fire rescue personnel questioned Garayoa, but did not provide him with medical assistance. *Id.*

Officer Johnson then drove Garayoa to the jail. *Id.* at ¶ 16. While in the vehicle, Garayoa pleaded with Officer Johnson to take him to the hospital, but Officer Johnson ignored Garayoa's repeated requests for medical attention. *Id.* During intake, Garayoa asked the jail personnel for medical attention. *Id.* A nurse employed by Miami-Dade County examined Garayoa, and, upon seeing the extent of his injuries, advised Miami-Dade police officers to immediately take Garayoa to Jackson Memorial Hospital because he could not be admitted into the jail in his condition. *Id.* Garayoa suffered a fractured right shoulder and spent four days bedridden, unable to use his arms. *Id.* at ¶ 17.

The Officers arrested and imprisoned Garayoa on charges of battery, aggravated assault, and resisting an officer without violence. *Id.* at ¶ 18. The State of Florida took no action on the assault and battery charges and entered a *nolle prosequi* on the charge of resisting an officer without violence. *Id*

## II.  LEGAL STANDARD

A complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (noting that a plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face."). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint's factual allegations must be enough to raise a right to relief above speculative level. *Id.* Detailed factual allegations are not required, but a pleading "that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

A court need not accept legal conclusions in the complaint as true. *See Iqbal*, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. A pleading that merely states facts consistent with a defendant's liability might allude to the possibility that a plaintiff is entitled to relief, but it falls short of demonstrating the plausibility of such entitlement as required under Rule 8. *See id.* at 678.

## III.  DISCUSSION

The County argues that I should dismiss Plaintiff's state law false arrest/imprisonment and excessive force claims against the County pursuant to Florida's sovereign immunity statute. Florida Statute § 768.28(9)(a) provides that the state, its agencies, and subdivisions are immune from tort liability "for the acts or omissions of an officer, employee, or agent" when those acts are "committed while acting outside the scope of her or his employment or committed in bad faith or with malicious purpose or in a

manner exhibiting wanton and willful disregard of human rights, safety, or property." Fla. Stat. § 768.28(9)(a). The County notes that in Counts VI and VII, which are brought against the individual officers and the County, Garayoa pleads that the officers acted in bad faith, maliciously, and with willful and wanton indifference to Garayoa's rights, safety, and property. Thus, the County argues Florida Statute § 768.28(9)(a) bars the County's liability on these claims. I disagree.

As Garayoa correctly points out, Federal Rule of Civil Procedure 8(d)(2) authorizes a plaintiff to plead his claims in the alternative. *See* Fed. R. Civ. P. 8(d)(2) ("A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones."). Further, "the 'nature of Florida Statutes § 768.28 tends to require a plaintiff to plead alternative and inconsistent claims against a government entity and its employees.'" *Valdes v. Miami-Dade Cty.,* No. 12-22426-CIV, 2013 WL 5429938 at *18 (S.D. Fla. Sept. 27, 2013)(quoting *Petithomme v. Cty. of Miami-Dade,* No. 11-20525-CIV, 2011 WL 3648622, *3 n.2 (S.D. Fla. Aug. 16, 2011). In fact, Section 768.28(9)(a) "tends to cause plaintiffs to bring 'mutually exclusive' claims in the alternative against a government and its employees because the state is immune from acts committed with bad faith or malice, while employees must have acted with bad faith or malice to be held personally liable." *Reyes v. City of Miami Beach*, No. 07-22680-CIV, 2007 WL 4199606, *3 (S.D. Fla. Nov. 26, 2007). While Garayoa cannot ultimately prevail on both claims, he is not barred from making alternative, inconsistent allegations at the pleading stage.

Garayoa expressly indicates in Footnote 2 of his Complaint that his state law claims against the County are plead in the alternative. *See* Compl. 6 n. 2 ("Garayoa brings the state claims against Miami-Dade *in the alternative* because a jury could find the police officers did not act in bad faith, malicious purpose, or wanton and willful disregards [sic] for his rights.") (emphasis added). "No specific words or formulae are required to plead in the alternative, but plaintiffs 'must use a formulation from which it can be reasonably inferred' that they are pleading in the alternative." *Ashley v. City of Hialeah*, No. 11-20490-CIV, 2011 WL 3236051, at *3 (S.D. Fla. July 28, 2011). A plain reading of Garayoa's Footnote 2 indicates that he intended to, and did in fact, plead his claims against the County in the alternative.

The County notes that Garayoa, in Paragraphs 52 and 57 of his Complaint, specifically alleges that the "individual officers' actions were done with bad faith, malicious purpose, or with willful, wanton, and deliberate indifference in regards to Garayoa's rights, health, and safety … "). Compl. ¶¶ 52, 57. As such, "because both counts against Miami-Dade County specifically allege that the officers acted in bad faith, maliciously, and with willful and wanton indifference to Plaintiff's rights, safety, and property … dismissal is automatic." Mot. Dismiss 10, ECF No. 24. However, the County misapprehends the law on this issue. Again, a plaintiff is permitted, under Rule 8(d)(2), to plead claims in the alternative, and that is precisely what Garayoa has done here. Garayoa specifically cabins his allegations regarding bad faith, malicious purpose, or with willful, wanton, and deliberate indifference *to the individual officers*. Compl. ¶¶ 52, 57. Therefore, reading Footnote 2 in conjunction with Garayoa's allegations in Paragraphs 52 and 57, it is clear that Garayoa, albeit arguably inartfully, has adequately placed the County on notice of his intention to plead his claims against the County in the alternative.

Finally, the County argues that since the actions of the officers can only be characterized as actions committed in bad faith or with malicious purpose, they must be dismissed as barred by Fla. Stat. § 768.28(9)(a). In support of this argument, the County cites to Judge Moreno's decision in *Mena v. Miami-Dade Cty*, No. 14-20030-CIV, 2014 WL 3667806 (S.D. Fla. July 22, 2014). However, at this stage, I find that Garayoa's factual allegations could support a cause of action against the County for false arrest/imprisonment and excessive force, without necessarily finding that the County's employees acted with bad faith, malicious purpose, or with willful, wanton, and deliberate indifference to Garayoa's rights. As the facts remain open to interpretation at this stage, I cannot conclusively hold that the factual allegations support only one outcome.

## IV. CONCLUSION

Therefore, since Garayoa expressly plead his state law claims against the County in the alternative, it is hereby **ORDERED and ADJUDGED** that Miami-Dade County's Motion to Dismiss Plaintiff's Complaint (ECF No. 24) is **DENIED.**

**DONE and ORDERED** in Chambers, at Miami, Florida, this 16th day of June 2016.

5

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of Record*