# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 16-Civ-20213-COOKE/TORRES

ALBERTO GARAYOA,

    Plaintiff,

v.

MIAMI-DADE COUNTY, *et al.*,

    Defendants.

_____/

## ORDER ON PLAINTIFF'S MOTION TO COMPEL RULE 35 MATERIALS

This matter is before the Court on Albert Garayoa's ("Plaintiff") Motion to Compel ("Motion") against Miami-Dade County and its arresting officers' (collectively "Defendants") [D.E. 130] to produce Rule 35 examination reports, and other materials, in connection with his independent psychological and medical examinations within a reasonable time. Defendant responded on June 19, 2017 [D.E. 131] and Plaintiff replied on June 26, 2017. [D.E. 133]. Therefore, Plaintiff's Motion is now ripe for disposition. After careful consideration of the Motion, response, reply, and relevant authority, and for the reasons discussed below, Plaintiff's Motion is **GRANTED**.

## I. BACKGROUND

Plaintiff's Motion seeks to compel Defendants to produce Rule 35 reports, including draft reports, notes, audio-recordings, video-recordings, raw data, and testing results obtained in connection with his independent psychological and medical examinations within a reasonable time after the request.[1] Although Plaintiff concedes that Rule 35 is silent as to the amount of time an examining party has to produce reports, the rules governing discovery purportedly suggest that a party should promptly produce any reports after a request is made. Therefore, Defendants have allegedly failed to provide (1) a reasonable time as to when Plaintiff will receive the reports, (2) a basis for how long the reports will take to create, and (3) any explanation as to why the reports cannot be produced within a reasonable time.

As support, Plaintiff relies on the decision in *Shapiro v. Win-Sum Ski Corp.*, 95 F.R.D. 38 (W.D.N.Y. 1982), where the plaintiff in that case requested written reports under Rule 35 and defendant responded that it would furnish the plaintiff with a report prior to trial if time permits. The court found defendant's response to be unsatisfactory "because plaintiff has a right under rule 35(b)(1) to receive a copy of the examining physician's report on time for use at trial." *Id.* at 38–39.

In response, Defendants argue that Plaintiff's Motion is a veiled request to alter the Court's Scheduling Order by imposing a new expert deadline that only

---

[1] Plaintiff's medical examinations were taken this year on March 18, April 19, and May 24. [D.E. 113, 120, 129].

applies to Rule 35 expert reports. Defendants contend that relevant discovery into Plaintiff's damages is ongoing and that the reports have not been completed or submitted to Defendants. Despite the reports being unavailable at this time, Defendants purportedly notified Plaintiff on multiple occasions that they would not withhold examination reports once they are received. For example, Defendants note that after Plaintiff filed his Motion on June 5, 2017, Defendants received a copy of the radiologist's report on June 14, 2017 and provided it to Plaintiff on June 16, 2017 as a testament to any notion that Defendants are allegedly withholding any examination reports.[2]

Furthermore, Defendants argue that they are in full compliance with the Court's Scheduling Order, which provides for all of Defendants' expert disclosures and reports to be served no later than August 25, 2017. As such, Defendants believe that Plaintiff has unnecessarily jumped the gun and demanded examination reports that do not exist and have not been provided to defense counsel. In accordance with Rule 35, Defendants explain that once the reports are completed

---

[2] Defendants strongly dispute any characterization that they are refusing to provide medical reports. Defendants note that the fact gathering process is ongoing and that this is the reason why Defendants scheduled Plaintiff's examinations well ahead of the discovery and expert discovery deadlines so that any follow-up issues could be addressed. On July 5, 2017, Defendants filed a notice to the Court that Dr. Stein's Rule 35 report was received on July 3, 2017 and Defendants forwarded it to Plaintiff on July 5, 2017. As for Dr. Suarez, Defendants indicate that he is still in the process of writing his Rule 35 report and that it will be delivered to Plaintiff once received by Defendants.

they will be timely provided to Plaintiff without the need of any judicial intervention and prior to Defendants' August 25, 2017 expert disclosure deadline.

The basis for the Defendants' position is that discovery into Plaintiff's damages is ongoing and that Defendants recently scheduled the deposition of Faye France – Plaintiff's girlfriend – as a damages witness for June 23, 2017. Defendants also argue that Plaintiff has notified them of his intent to take depositions of Jackson Memorial Hospital, Corrections Health Services, and a number of treating physicians. The subject matter of those upcoming depositions is purportedly material to Plaintiff's claims of physical and mental/emotional damages, which the examiners have been purportedly ordered to evaluate.

For instance, both Dr. Suarez and Dr. Stein have allegedly advised that, in the ordinary course of their forensic practices, they review all depositions submitted by the retaining party before providing their reports. They have also supposedly advised that once they receive all relevant follow-up discovery that they will complete and submit their reports before the August 25, 2017 deadline. As such, requiring expert reports to be produced in the midst of fact discovery is allegedly a recipe for inefficiency. And given that the upcoming depositions are expected to cover the subjects upon which the examiners have been ordered to opine, it purportedly does not make sense to force the Rule 35 reports to be completed now. Accordingly, Defendants believe that it would be highly prejudicial to demand

4

reports from examiners prior to providing the examiners with all the pertinent discovery related to Plaintiff's alleged damages.

Defendants also contend that Plaintiff's Motion is unnecessary because the Rule 35 reports will be produced before the deadline provided in the Court's Scheduling Order – i.e. August 25, 2017. As such, Defendants do not believe that the examiners should be required to make an exception to their normal practices and produce their reports in the midst of fact discovery that is related to the issues on which they were retained to opine. Plaintiff is allegedly not entitled to demand a new deadline for the Rule 35 reports prior to their completion and production in the ordinary course of the examiners' practice. And Defendants argue that Plaintiff never notified Defendants prior to filing his Motion that, in addition to the Rule 35 examination reports, he also seeks to compel draft reports, notes, audio recordings, video-recordings, raw data, and testing results.

Although the Court's Scheduling Order does not specifically reference Rule 35, Defendants contend that it unambiguously states that the expert disclosure deadline encompasses all experts within the meaning of Rule 26(a)(2) – which includes any expert who is going to provide testimony under FED. R. EVID. 702, 703, or 705. As support, Defendants rely on the decision in *Malvaes v. Constellation Brands, Inc.*, where the Court found that "the party seeking a Rule 35 examination, and intending to rely on the examiner at trial, must be cognizant of the deadlines for expert disclosures." 2015 WL 3863639, at *2 n.2 (S.D. Fla. June 22, 2015); *see*

*also Lamour v. Applied Credit Sys., Inc.*, 2003 WL 25537162, at *2 (S.D. Fla. Aug. 5, 2003) ("Although Rule 35 itself does not prescribe a time limit on the filing of a motion for physical or mental examinations of persons, this rule must be read in conjunction with Rule 26(a)(2), governing expert witness disclosures, and the order directing pretrial procedures entered by this court. With expert designations and disclosures due for exchange ninety days prior to calendar call, a Rule 35 request—which by its terms necessarily generates an expert report—needs to be timed at a point during the pretrial discovery phase which allows for accommodation of the expert witness disclosure deadlines."). Accordingly, Defendants claim that – based on the uniform decisions provided in our district – they will produce a report on or before their expert disclosure deadline of August 25, 2017.

Plaintiff takes issue with Defendant's response because he does not believe that he should be forced to wait until Defendants' deadline for expert witness disclosures to receive Rule 35 reports. Defendants' interpretation allegedly fails to adhere to the spirit of the rules governing civil procedure and discovery. Specifically, Plaintiff argues that Defendants' response is deficient for three separate reasons.

First, delaying production of the medical reports until the end of the expert disclosure deadline will purportedly delay the resolution of this action. Plaintiff suggests that the information contained in the reports may reveal damaging or

helpful information to Plaintiff's case, which will make the parties more likely to settle the action now as opposed to the expert disclosure deadline.

Second, Plaintiff contends that delaying production of the reports until the expert disclosure deadline will prevent him from conducting full and thorough discovery. For example, after reviewing the reports, Plaintiff argues that he may discover a conclusion that needs further investigation. Assuming that the individuals who prepare the reports will be declared Defendants' testifying experts, Plaintiff believes that he will have only two weeks to conduct discovery. And if the preparers are not testifying experts, Plaintiff suggests that he will not able to conduct any discovery pertaining to the reports because production will be after the deadline to complete fact discovery.

And third, Plaintiff argues that delaying production of the reports will prejudice his trial preparation. Trial is approximately six months away and Plaintiff contends that he must have all relevant information at the earliest possible time so that he can prepare his trial strategy. In order to prevent any unfair surprise, Plaintiff believes he should have the medical reports at the earliest possible time so that he can rebut – if necessary – with the appropriate trial strategy. By failing to agree to a time to produce the reports, Plaintiff suggests that Defendants are attempting to keep him in the dark for as long as possible so that he is unable to adequately prepare for trial.

## II. ANALYSIS

### A. *The Rule 35 Reports*

As an initial matter, Rule 35 is silent with respect to the time required to serve an expert report, but the rule provides in relevant part that "[t]he party who moved for the examination must, on request, deliver to the requester a copy of the examiner's report, together with like reports of all earlier examinations of the same condition. The request may be made by the party against whom the examination order was issued or by the person examined." FED. R. CIV. P. 35(b)(1). Rule 35 further provides that "[t]he court on motion may order – on just terms – that a party deliver the report of an examination" and "[i]f the report is not provided, the court may exclude the examiner's testimony at trial." *Id*. at (b)(5).

Based on a thorough review of the cases cited in the parties' briefs, there is no doubt that there is varying treatment among the district courts on the relationship between the expert disclosure deadline in Rule 26 and the timing for a Rule 35 examination and report. Some courts have ruled that Rule 26 and Rule 35 operate independently. *See, e.g., Bush v. Pioneer Human Serv.,* 2010 WL 324432, at *5 (W.D. Wash. Jan. 21, 2010); *Waggoner v. Ohio Cent. R.R.*, 242 F.R.D. 413, 414 (S.D. Ohio 2007). On the other hand, many more courts have considered the Rule 26 deadline when determining the timing of a Rule 35 report. In fact, "district courts in Florida have *unequivocally* stated that although Rule 35 does not prescribe a time limit for the filing of a motion for physical or mental examinations, Rule 35

8

must be read in conjunction with Rule 26(a)(2) and the court order governing pretrial procedures." *Diaz v. Con-Way Truckload, Inc.*, 279 F.R.D. 412, 417 (S.D. Tex. 2012) (emphasis added) (citing *Roberson v. Church,* 2009 WL 4348692, at *1 (M.D. Fla. Nov. 24, 2009); *Lamour,* 2003 WL 25537162, at *2)).

Importantly, reports generated pursuant to Rule 35 are not identical to the contents of an expert report as required by Rule 26(a)(2). As an example, a Rule 35 examiner's report "must set out in detail the examiner's findings, including diagnoses, conclusions, and the results of any tests." FED. R. CIV. P. 35(b)(2). By contrast, a Rule 26 expert report must contain the following items:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case.

FED. R. CIV. P. 26(a)(2)(B). Another significant distinction is that "Rule 26(a)(2) applies to witnesses who are specially retained to provide expert testimony in the case, while Rule 35 permits the Court to order a party to submit to a mental or physical examination whether or not the examiner was previously retained to provide expert testimony." *Bush*, 2010 WL 324432, at *5.

And while the purposes underlying the reports in Rule 26 and Rule 35 are common, they are somewhat different. Rule 35 operates to "preserve the equal

footing of the parties to evaluate the plaintiff's [physical or mental condition] . . . ." *Shadix–Marasco v. Austin Reg'l Clinic P.A.,* 2011 WL 2011483, at *3 (W.D. Tex. May 20, 2011) (quoting *Duncan v. Upjohn Co.,* 155 F.R.D. 23, 25 (D. Conn. 1994)). Similarly, the purpose of a rule 26 expert report is "to prevent an ambush at trial by notifying opposing parties of the scope and content of the expert's proposed testimony to allow the opposing party to effectively cross-examine the expert and designate a rebuttal expert." *Diaz*, 279 F.R.D. at 420 n.2 (citing *Matthews v. Allstate Ins. Co.,* 731 F. Supp. 2d 552, 559 (E.D. La. 2010); *Bro–Tech v. Purity Water Co. of San Antonio, Inc.,* 2009 WL 1748539, at *7 (W.D. Tex. June 19, 2009)). Yet, "Rule 26 has an additional purpose of minimizing the expense of deposing experts, and to shorten direct examination." *Diaz*, 279 F.R.D. at 420 n.2 (citing *Ortiz–Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de Puerto Rico,* 248 F.3d 29, 35 (1st Cir. 2001)).

Despite these differences, we are not persuaded that Rules 26 and 35 operate independently as most courts that have considered this question have persuasively found that Rules 26 and 35 must be read in conjunction with each other. *See, e.g.*, *Roberson*, 2009 WL 4348692, at *1 ("Although Federal Rule of Civil Procedure 35 itself does not prescribe a time limit for the filing of a motion for physical or mental examinations of persons, this rule must be read in conjunction with Federal Rule of Civil Procedure 26(a)(2), which governs expert witness disclosures.") (citing *Lamour,* 2003 WL 25537162, at *2).  To be clear, a Rule 35 examination is a

10

discovery tool that operates in similar fashion as Rules 30 and 31 (depositions), Rule 33 (interrogatories), and Rule 34 (requests for production).  *See Briesacher v. AMG Res., Inc.,* 2005 WL 2105908, at *1 (N.D. Ind. Aug. 31, 2005) (citing *Schlagenhauf v. Holder,* 379 U.S. 104 1964)).  None of the aforementioned rules "provide a specific deadline by which to submit these discovery requests because it is understood that *all* discovery tools are generally subject to the overall discovery deadline." *Diaz*, 279 F.R.D. at 418 (emphasis in original).  In other words, a Rule 35 examination is no different than any other discovery tool that a party uses in obtaining evidence that a testifying expert could use in forming an opinion and creating an expert report.

To resolve the current dispute, "[t]he district judge's scheduling order is the first (and sometimes the last) consideration in terms of applying discovery deadlines, as adherence to the order is very important to the settled expectations of the parties and the court." *Minnard v. Rotech Healthcare Inc.*, 2008 WL 150502, at *3 (E.D. Cal. Jan. 15, 2008).  Here, the Court's Scheduling Order was entered on January 20, 2017.  It provided for fact discovery to be completed by July 28, 2017, expert disclosures to take place by August 11, 2017 (for the Plaintiff), August 25, 2017 (for the Defendant), all expert discovery to be completed by September 8, 2017, and a date for trial to begin on December 11, 2017.  More specifically, the Scheduling Order stated that by August 25, 2017 "Defendant must furnish expert witness list[s] to the Plaintiff along with the summaries/reports required by Fed. R.

11

Civ. P. 26(a)(2), and only those expert witnesses shall be permitted to testify. Within [a] fourteen-day period thereafter, Plaintiff shall make its experts available for deposition by the Defendant." [D.E. 104 at 2].

As stated earlier, Defendants argue that they are only required to produce their expert reports on or before August 25, 2017 given the language in the Court's Scheduling Order. On the other hand, Plaintiff believes that the deadline Defendants propose is too far into the future and that the Rule 35 reports should be completed promptly within a reasonable time. While Defendants are correct that August 25, 2017 is the operative date by which *they* must submit their reports in conjunction with Fed. R. Civ. P. 26(a)(2), the date for Plaintiff to submit his reports is August 11, 2017. And, in order for Plaintiff to meet his deadline, Plaintiff needs Defendants' discovery by no later than the close of fact discovery – i.e. July 28, 2017.

For example, if Defendants provided their expert reports on August 25, 2017, Plaintiff will have completely missed his opportunity to file his own expert reports by August 11, 2017. This type of scenario would create a domino-effect where several deadlines on the Court's Scheduling Order might have to be adjusted, including the likelihood of additional discovery disputes, expert designations, expert depositions, and disclosures in the parties' expert reports. The Court declines to embark down this path.

As such, Plaintiff's Motion is **GRANTED**, but only to the extent that Defendants are required to produce to Plaintiff their expert reports on or before July 28, 2017.

### B. *<u>The Remaining Rule 35 Materials</u>*

The second issue presented is Plaintiff's request for the production of all draft reports, notes, audio recordings, video-recordings, raw data, and testing results. Defendants argue that Plaintiff specifically advised them during their pre-filing conferral that "[Plaintiff] will file a motion for clarification or in the alternative motion [sic] to compel the production of the report [sic]." [D.E. 131-3]. However, that is purportedly not the motion that Plaintiff filed. Defendants contend that Plaintiff's Motion – as it relates to other materials aside from the Rule 35 reports – should be denied because Plaintiff never made a discovery request for these items and never conferred regarding this specific relief as required by Local Rule 7.1(a)(3). Because this issue was allegedly never raised pre-filing, Defendants explain that the parties have not conferred to determine whether judicial intervention is even required. As such, Defendants claim that there is no need for the Court to make an advisory opinion on an issue that is not properly before it and will likely be unnecessary once the parties confer.

Moreover, Defendants argue that that the proper procedure for Plaintiff to obtain the information he seeks would be through a subpoena to the examiners – not a motion to compel – because Defendants are purportedly not in possession of

the information requested. And Defendants also argue that some of the raw data may implicate proprietary and confidentiality concerns because certain psychological tests, for example, are proprietary and may require an appropriate protective order.

Plaintiff strongly disputes Defendant's representations and argues that he conferred with Defendants for over a month to obtain the relief sought in his Motion. Plaintiff argues that he assumed that the materials requested were included in the delivery of the Rule 35 reports and did not feel it necessary to list every single item that was in the examiner's possession. Plaintiff also contends that he is at an information disadvantage with respect to what the examiners possess because Plaintiff does not actually know what items were created. By allowing Plaintiff to obtain the Rule 35 reports, without the other materials, would purportedly make little sense because the latter items would allow Plaintiff to determine the basis of the examiner's findings or conclusions. Therefore, Plaintiff suggests that Defendants' true motive is to withhold all of the relevant information for as long as possible so that Plaintiff is unable to adequately prepare for trial.

Local Rule 7.1(a)(3) provides that the movant shall "make reasonable effort to confer (orally or in writing), with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues to be raised in the motion." S.D. Fla. L.R. 7.1(a)(3). In *Royal Bahamian*

*Ass'n, Inc. v. QBE Ins. Corp.*, Judge Goodman explained in detail the requirements of Local Rule 7.1(a)(3).

> The rule requires the movant to certify that one of two possible scenarios occurred: (1) that movant's counsel did, in fact, confer but was unable to resolve the issues, or (2) that movant's counsel made 'reasonable efforts' to confer but has been unable to do so. If movant uses the latter type of certification, then movant's counsel must 'identi[fy] with specificity' the efforts taken in the unsuccessful attempt to confer.

744 F. Supp. 2d 1297, 1298 (S.D. Fla. 2010). The rule also provides that if the movant fails to comply with the rule, the court may grant or deny the motion and impose an appropriate sanction. *Id*. Here, it seems clear that, although Plaintiff did not enumerate his request for other materials explicitly in his emails to opposing counsel when conferring on the current dispute, Plaintiff sought any and all Rule 35 materials to be provided within a reasonable time. As such, the Court – in its discretion – will proceed to the merits of the parties' dispute.

By its plain language, Rule 35(b)(2) entitles the Plaintiff to receive "the examiner's findings, including diagnoses, conclusions, and the results of any tests." FED. R. CIV. P. 35(b)(2). And courts have previously held that defendants must provide plaintiffs with copies of notes, test data, and other documents connected with the examination – even in the absence of a Rule 35 examination report. *See Castillo v. W. Beef, Inc.*, 2005 WL 3113422, at *3 (E.D.N.Y. Nov. 21, 2005) ("[T]he defendant is directed to provide the plaintiff with a copy of the report, if any, or in the *absence of a report*, with the doctor's notes, test data, and any other documents

15

generated in connection with the examination, within ten (10) days.") (emphasis added); *Sloan v. Cost-U-Less, Inc.*, 2001 WL 1464769, at *1 (Terr. V.I. Aug. 1, 2001) ("[P]laintiff must be provided with a copy of the expert's written report, including the results of any tests which were administered, diagnoses, and conclusions, Defendant shall provide such data to the plaintiff.") (citing *See Hirschheimer v. Associated Minerals & Minerals, Corp.* 1995 WL 736901 (S.D.N.Y. 1995)).

While Defendants believe that it is Plaintiff's burden to track down the remaining Rule 35 materials data from the examiners, Rule 26(a)(2)(B) requires Defendants to produce those items as well. *See, e.g., Hirschheimer*, 1995 WL 736901, at *5 (S.D.N.Y. Dec. 12, 1995) ("Under Rule 35(b)(1), Dr. Cancro is required to submit to the plaintiff a 'detailed written report of the examiner setting out the examiner's findings, including results of all tests made, diagnoses and conclusions.' Furthermore, pursuant to Rule 26(a)(2)(B), [the defendant] is required to disclose the raw data from the MMPI–II if it intends to call either Dr. Cancro or Dr. Maxfield as a witness at trial, since the data forms part of the basis for their expert testimony. Accordingly, [defendant] shall produce this information once it is available.").

Therefore, as soon as the other Rule 35 materials are available, Defendants shall promptly produce those items to Plaintiff. Unlike the expert reports discussed earlier, Defendants present no other reason as to why those materials cannot be

16

produced within a reasonable time and well before the end of fact discovery on July 28, 2017. To this extent, Plaintiff's Motion is also **GRANTED**.[3]

### III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion to Compel [D.E. 130] is **GRANTED**. Defendants are compelled to produce to Plaintiff their Rule 35 examination reports on or before July 28, 2017. As for the remaining Rule 35 materials, Defendants must promptly produce those items as soon as they are made available but no later than July 28, 2017.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 6th day of July, 2017.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge

---

[3] To the extent Defendants believe that a protective order is required to safeguard the confidentiality of any remaining Rule 35 materials, the parties shall work cooperatively in submitting a protective order to the Court.