**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 16-Civ-20213-COOKE/TORRES

ALBERTO GARAYOA,

       Plaintiff,

v.

MIAMI-DADE COUNTY, *et al.*,

       Defendants.

_____/

## ORDER ON PLAINTIFF'S MOTION TO COMPEL A SECOND DEPOSITION

This matter is before the Court on Albert Garayoa's ("Plaintiff") Motion to Compel a Second Deposition ("Motion") against Miami-Dade County ("Defendant"). [D.E. 132]. Defendant responded on July 5, 2017 [D.E. 134] and Plaintiff replied on July 9, 2017. [D.E. 137]. Therefore, Plaintiff's Motion is now ripe for disposition. After careful consideration of the Motion, response, reply, and relevant authority, and for the reasons discussed below, Plaintiff's Motion is **GRANTED in part** and **DENIED in part**.

### I.    BACKGROUND

Plaintiff's Motion seeks to compel five corporate deponents to (1) sit for a second deposition, (2) require Defendant to pay for the expenses of a second deposition, (3) prohibit defense counsel from engaging in improper speaking

1

objections or from assisting any witnesses during the examination, (4) preclude Defendant from making any unfounded accusations at Plaintiff's counsel or any other party, (5) strike any assisted testimony from the original deposition, and (6) request an award of reasonable attorney's fees and costs for Plaintiff in filing his Motion.

On May 18, 2017, Plaintiff deposed five corporate deponents. On numerous occasions, defense counsel allegedly objected and coached the witnesses. Defense counsel also purportedly spent the first 20-30 minutes of the examination testifying on the record about an incident involving the court reporter and a dispute as to whether the court reporter was neutral in this action.[1] Plaintiff alleges that the most egregious display of improper conduct occurred when Defendant improperly invoked the attorney-client privilege and work product doctrine in order to prevent Officer Reina from asserting a factual basis for an affirmative defense. After asserting the privilege, Defendant never moved for a protective order following the deposition. As such, Plaintiff contends that Defendant waived any applicable privilege notwithstanding the fact that the assertion of the privilege at the outset was purportedly illusory at best. *See, e.g.*, *Buckley Towers Condo., Inc. v. QBE Ins. Corp.*, 2008 WL 2645680, at *9-10 (S.D. Fla. June 26, 2008) ("Even in the case of an instruction not to answer based on privilege, the party who instructs the witness

---

[1]     Defense counsel allegedly accused the court reporter of being biased because of an email that Plaintiff's counsel sent to defense counsel. In that email, Plaintiff's counsel found defense counsel's conduct to be disrespectful and directed future comments solely to Plaintiff's counsel.

not to answer should *immediately* seek a protective order . . . The record here shows that counsel violated Rule 30(d)(4) by not immediately filing a motion for protection following the deposition. On this basis alone, any otherwise meritorious arguments to the questions posed during the deposition were thus waived.") (emphasis in original) (quoting *Nutmeg Ins. Co. v. Atwell, Vogel & Sterling A Div. of Equifax Servs., Inc.*, 120 F.R.D. 504, 508 (W.D. La. 1988)); *see also International Union of Electrical, Radio and Machine Workers, AFL–CIO, et al v. Westinghouse Electric Corporation,* 91 F.R.D. 277 (D.D.C. 1981); *American Hangar, Inc. v. Basic Line, Inc.,* 105 F.R.D. 173 (D. Mass. 1985).

Aside from the fact that Defendant never moved for a protective order, Plaintiff contends that neither privilege applies to disclosures of fact.  Specifically, the question at issue during the deposition of Officer Reina concerns the following exchange:

> Mr. Pierre: Okay. Regarding paragraph 13, do you agree with the statement the county is immune from suit or is not liable for damages under Florida Statute §768.28(9)(a)?
>
> Mr. Greenberg:  I'm going to assert attorney/client privilege and attorney work product as to that defense.
>
> Mr. Pierre:  You're [sic] attorney attorney/client [sic] privilege for a factual basis of this?
>
> Mr. Greenberg:  It's a legal basis and I am.  It's attorney/client privilege/attorney work product.  In order to respond to that question, it would require the witness to state the legal analysis, mental impressions and strategies of the defendants.  That question cannot be answered without divulging attorney legal analysis and strategies.

3

> Mr. Pierre:  So it's your representation on the record, the county cannot provide the factual basis to assert the affirmative defense that the county is immune from suit or is not liable for damages under Florida Statute 768.28(9)(a)?
>
> Mr. Greenberg:  I think I answered the question.  It is –answering that question would involve providing you with legal analysis and the county's – my personal, as the attorney on this case, my personal legal analysis and mental thoughts and strategies regarding this case.

[D.E. 132-1].  Defendant allegedly believes that Plaintiff is not entitled to any facts concerning state sovereign immunity because the facts are purportedly so inextricably linked to defense counsel's work product.  Plaintiff suggests that Defendant's position cannot be true and that the Defendant must assert a factual basis on the issue of state sovereign immunity.  Therefore, Plaintiff believes that defense counsel's conduct merits sanctions because his actions frustrated the fair examination of Officer Reina.

Moreover, defense counsel allegedly refused to let Plaintiff take the corporate deponents out of order even though they were present at the deposition and they were treated as one witness.  Second, defense counsel purportedly made improper speaking objections in a suggestive and argumentative manner.  Third, Plaintiff argues that defense counsel improperly interacted and assisted witnesses during their depositions to the extent that defense counsel was practically testifying on their behalf.  And fourth, Defendant purportedly lodged unfounded accusations toward Plaintiff; including allegations that Plaintiff attempted to trick the

witnesses and misrepresent the record.   On other occasions, defense counsel supposedly alleged that Plaintiff was misstating the law because Plaintiff indicated that the corporate deponent could not rely on notes to testify.   As such, Plaintiff requests an order compelling all of the corporate deponents to sit for a second deposition so Plaintiff may explore all areas of reasonable inquiry.

In response, Defendant takes issue with the position that Plaintiff has any basis for a second deposition of five corporate deponents because Plaintiff purportedly fails to specify what topics Plaintiff was unable to cover or what information Plaintiff was unable to obtain during the prior depositions.   First, Defendant contends that Plaintiff never alleges that the corporate deponents were unprepared for any of the topics noticed for the Rule 30(b)(6) deposition.   During the parties pre-filing conference, Defendant suggests that it twice requested that Plaintiff provide some idea of what questions Plaintiff believed he was unable to receive sufficient answers to and what information Plaintiff believed he was unable to obtain.   Upon receipt of that information, defense counsel claims that he was ready to confer with Plaintiff and work with him to obtain that information.   However, Plaintiff allegedly declined to provide that information and simply declared that the pre-filing conference had reached an impasse because Defendant did not agree to a second deposition.

Second, Defendant points out that Plaintiff never alleges that he requires additional time to cover the subject matters that were noticed for the deposition.

Nor would such a position purportedly be tenable because Defendant claims that Plaintiff did not exhaust the time that was available to him on May 18, 2017, during which the examination of all five corporate deponents took approximately five hours.  Defendant contends that the reason Plaintiff is unable to identify a specific question, line of questions, or subject matter is because there was only a single instance related to the assertion of a privilege.  Thus, Defendant believes that Plaintiff had a fair opportunity to examine each witness and that no subject was foreclosed or off limits.

In sum, Defendant contends that a review of the deposition transcript shows that Plaintiff was able to fairly examine Officer Reina on the topics for which he was designated to speak.  Officer Reina was allegedly never instructed not to answer a single question, except a single time to preserve specific privileges.  And Plaintiff purportedly stated that he had no further questions to Officer Reina.  As such, Defendant believes that neither Officer Reina nor any of the other corporate deponents should be required to sit for a second corporate deposition.

## II.    ANALYSIS

Without rehashing all of the allegations of improper conduct (19 to be exact) that took place in connection with the corporate deponents, we find that the most important issue to decide is whether Defendant had a proper basis to instruct Officer Reina not to provide a factual basis to a question regarding an affirmative defense under Florida law.

6

Defendant argues that the law is not in dispute that a party cannot use a Rule 30(b)(6) deposition to intrude upon an attorney's work product or the attorney-client privilege. *See Schreib v. Am. Family Mut. Ins. Co.*, 304 F.R.D. 282, 287 (W.D. Wash. 2014) ("In the context of Rule 30(b)(6) depositions, the work product doctrine operates in a 'very limited way . . . to circumscribe the scope of depositions upon oral examination.' Specifically, it protects against 'questions which improperly tend to elicit the mental impressions of the parties' attorneys.'") (citations omitted); *Explorica, Inc. v. Elderhostel, Inc.*, 2010 WL 1490077, at *1 (D. Mass. Apr. 13, 2010) ("[T]he witness's exercise of attorney-client privilege at her deposition on what is purely an issue of law was entirely appropriate").

Given that the law protects privileged communications, Defendant stands by its decision that Officer Reina could not provide a factual basis for the affirmative defense of sovereign immunity provided under Fla. Stat. §768.28(9)(a) because the defense is not based on information generally known or available to the county, but is instead inextricably intertwined with the county's legal personnel. And if necessary to further support this position, Defendant requests a hearing to provide additional information to further substantiate the proper invocation of the attorney-client and work product privileges. However, Defendant believes that it cannot make any further representations without directly providing its legal strategies to Plaintiff.

On the other hand, Plaintiff believes that Defendant's argument lacks any merit because it fundamentally misconstrues the relationship between privilege objections and questions asked during a deposition. Plaintiff contends that, when filing suit against a municipality, a sovereign immunity defense generally arises and that the municipality is always required to provide facts to support the defense. Plaintiff suggests that the facts typically proffered include a failure to comply with condition precedent or the scope of employment. As such, Plaintiff argues that Defendant is no different than municipalities in other actions and that the work product privilege is not allowed to sweep away all factual inquiries into the affirmative defense provided under Fla. Stat. §768.28(9)(a).

As an initial matter, instructions not to answer are generally improper with the only exception being questions which seek information in the form of trade secrets or privileged information. And even when an attorney properly instructs a deponent not to answer on the basis of privilege, "it is the duty of the attorney instructing the witness not to answer to *immediately* seek a protective order." *Nutmeg Ins. Co.*, 120 F.R.D. at 508 (emphasis added) (citations omitted). There is no dispute that defense counsel in this case failed to file a motion pursuant to Rule 30(d) after unilaterally directing Officer Reina not to answer. Defendant left it to Plaintiff to bring the matter before the Court. By failing to file a protective order, Defendant's conduct was itself improper and in violation of the Federal Rules. *See id*. ("[C]ounsel unilaterally directed the witness not to answer and left it to

8

defendant Equifax to bring the matter before the court in the form of a motion for sanctions.  This course of conduct was improper and in violation of the Federal Rules of Civil Procedure.").

Putting aside Defendant's failure to file a protective order after instructing Officer Reina not to answer, we also find that it was improper for defense counsel to shield Officer Reina from answering a question about the factual underpinnings of an affirmative defense.  Courts have consistently held that "[f]acts enjoy far less protection under the work product doctrine regardless of when they were discovered."  *Schreib*, 304 F.R.D. at 287; *see also Pastrana v. Local 9509, Commc'ns Workers of Am.,* AFL–CIO, W AJB, 2007 WL 2900477, at *5 (S.D. Cal. Sept. 28, 2007) ("[C]ourts have consistently held that the work product doctrine furnishes no shield against discovery, by interrogatories or by deposition, of the facts that the adverse party's lawyer has learned, or the person from whom he has learned such facts, or the existence or nonexistence of documents, even though the documents themselves may not be subject to discovery.") (citing *Protective Nat. Ins. Co. of Omaha v. Commonwealth Ins. Co.,* 137 F.R.D. 267, 281 (D. Neb. 1989); 8 C. Wright & A. Miller, Federal Practice & Procedure § 2023, at 194 (1970) (footnote omitted)).

Here, Plaintiff simply attempted to ask questions concerning the factual basis of an affirmative defense under Florida law.  Defendant is certainly correct that work product consisting of "mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative of a party concerning the

9

litigation," Fed. R. Civ. P Rule 26(b)(3), is absolutely protected from discovery. *Board of Trustees of Leland Stanford Jr. Univ. v. Coulter Corp.,* 118 F.R.D. 532 (S.D. Fla. 1987). Yet, "[t]he work product privilege is not broad enough to prohibit all inquiry regarding information received from working with counsel, all information obtained after the institution of litigation, all information learned while working with counsel or other colleagues and all information learned while reviewing documents or having conversations in connection with the litigation." *United States v. Pepper's Steel & Alloys, Inc.*, 132 F.R.D. 695, 699 (S.D. Fla. 1990). And even when a privilege is proffered, the party invoking the privilege has the burden of proving the existence of the privilege. *See United States v. Schaltenbrand*, 930 F.2d 1554, 1562 (11th Cir. 1991) (citing *In re Grand Jury Proceedings in Matter of Freeman,* 708 F.2d 1571, 1575 (11th Cir. 1983)).

While Defendant believes that a hearing is required to substantiate the reasons why defense counsel instructed Officer Reina not to answer, there is no persuasive reason that Defendant can provide for preventing the witness from answering the question presented. Because the question posed was not protected by either the work product doctrine or the attorney-client privilege, Plaintiff has been denied a fair examination of Officer Reina. Yet, we also agree with Defendant that Plaintiff is not entitled to an open ended re-deposition of all five witnesses covering all thirty-eight topics because Plaintiff does not specifically identify what else will be accomplished at the second deposition for all these witnesses that could not be

10

accomplished at the first.  As such, Plaintiff's Motion, as it relates to the re-deposition of Officer Reina is **GRANTED** but only in so far as Plaintiff is allowed two additional hours to question the witness on the factual underpinnings of affirmative defenses or any other factual matters that are within the witness's knowledge.  However, to the extent Plaintiff seeks to re-depose all five corporate deponents on all thirty-eight topics, Plaintiff's Motion is **DENIED**.

### III.    CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion to Compel [D.E. 132] is **GRANTED in part** and **DENIED in part**.  Defendant is compelled to produce Officer Reina for a limited deposition of no more than *two* hours within fourteen (14) days from the date of this Order.

The deposition shall be limited to questions that were previously impeded by privilege objections in connection with affirmative defenses or other factual matters that are within the witness's knowledge.  And the parties shall conduct themselves in a professional and cooperative manner throughout the deposition.  Neither party may engage in speaking objections, assist the witness in his testimony, or make accusations that impede the character of opposing counsel.  A failure to adhere to these requirements may result in sanctions.  Any expenses for the re-deposition of Officer Reina shall be borne solely by the Defendant.[2]

---

[2]      As for Plaintiff's request for an award of attorney's fees in filing his Motion, we decline to further sanction Defendant's conduct at this time.  As such, Plaintiff's Motion, as it relates, to an award of attorney's fees is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 20th day of

July, 2017.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge